WILLIAM A. HAUCK AND CHERYL A. HAUCK, a/k/a CHERYL BARRY HAUCK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hauck v. Commissioner
Docket No. 3720-77.
United States Tax Court
T.C. Memo 1978-144; 1978 Tax Ct. Memo LEXIS 372; 37 T.C.M. (CCH) 618; T.C.M. (RIA) 780144; April 13, 1978, Filed William A. Hauck, pro se. James D. Vandever, for the respondent. QUEALY
MEMORANDUM OPINION QUEALY, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1974 of $408.00. The issue to be decided is whether petitioner is entitled to claim dependency exemptions for his two daughters under the provisions of section 151. [1]
All of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. At the time of the filing of the petition herein, William A. Hauck, hereinafter referred to as petitioner, and Cheryl A. Hauck were husband and wife and resided in Los Angeles, California. Petitioners filed their joint Federal income tax return with the appropriate office of the Internal Revenue Service. Petitioner claimed dependency exemptions for each of his two daughters on his 1974 Federal income tax return. Both daughters lived with petitioner's former wife during the year in *374 issue. During 1974, petitioner expended $1,860.00 towards the support of each of his daughters. The petitioner stipulated that he did not provide more than one-half of the support for either child during the year in issue. Respondent determined that the petitioner is not entitled to dependency exemptions for his two daughters. The petitioner argues that the provisions of section 152 are unconstitutional, archaic, unfair, and discriminatory and that under certain circumstances, two dependency exemptions per child should be allowed. Section 151 provides an exemption of $750.00 for each dependent in computing taxable income. Section 152(a) defines a dependent as one of certain enumerated individuals over half of whose support was received from the taxpayer for the taxable year in question. Section 152(e)(1) provides that a child shall be treated as receiving over half of his support from the parent having custody for a greater portion of the calendar year unless, under the provisions of section 152(e)(2), he is treated as having received over half his support for such year from the noncustodial parent. Section 152(e)(2) provides that if the non-custodial parent provides *375 $1,200.00 or more for the support of such child for the calendar year and the custodial parent does not clearly establish that he provided more for the support of the child during the calendar year than the noncustodial parent, then the noncustodial parent shall be treated as having provided over half of the child's support. Although petitioner did provide more than $1,200.00 for the support of each child, petitioner stipulated that he contributed less than half the support for both of his daughters. Accordingly, petitioner has not satisfied the requirements of section 152(a) and, therefore, is not entitled to claim his daughters as dependents. The Court must decide the case according to the law as written. There is no basis for a finding of invidious discrimination in the failure of Congress to allow a dependency exemption to each of the divorced parents who contribute to the support of their child. Likewise, the petitioner's contentions that the law is archaic and unfair cannot help him in this case. Amending the law is a prerogative of Congress. Similarly, any change in the number of exemptions allowed for dependent children is a matter for legislative rather than judicial *376 action. Decision will be entered for the Respondent. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954.↩